| | |
|---|---|
| Stephen E. Hessler, P.C. | James H.M. Sprayregen, P.C. |
| Marc Kieselstein, P.C. | Justin R. Bernbrock (*pro hac vice* pending) |
| **KIRKLAND & ELLIS LLP** | **KIRKLAND & ELLIS LLP** |
| **KIRKLAND & ELLIS INTERNATIONAL LLP** | **KIRKLAND & ELLIS INTERNATIONAL LLP** |
| 601 Lexington Avenue | 300 North LaSalle Street |
| New York, New York 10022 | Chicago, Illinois 60654 |
| Telephone:    (212) 446-4800 | Telephone:    (312) 862-2000 |
| Facsimile:    (212) 446-4900 | Facsimile:    (312) 862-2200 |

*Proposed Counsel to the Debtors and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| SIZMEK INC., | Case No. 19-10971 (●) |
| Debtor. | |
| Tax I.D. No. 37-1744624 | |
| In re: | Chapter 11 |
| POINT ROLL, INC., | Case No. 19-10972 (●) |
| Debtor. | |
| Tax I.D. No. 23-3043173 | |
| In re: | Chapter 11 |
| SIZMEK DSP, INC., | Case No. 19-10973 (●) |
| Debtor. | |
| Tax I.D. No. 30-0472319 | |
| In re: | Chapter 11 |
| SIZMEK TECHNOLOGIES, INC., | Case No. 19-10974 (●) |
| Debtor. | |
| Tax I.D. No. 52-2266402 | |

| | |
|---|---|
| In re: | Chapter 11 |
| WIRELESS ARTIST LLC, | Case No. 19-10975 (●) |
| Debtor. | |
| Tax I.D. No. 30-0720302 | |
| In re: | Chapter 11 |
| WIRELESSDEVELOPER, INC., | Case No. 19-10976 (●) |
| Debtor. | |
| Tax I.D. No. 36-4439686 | |
| In re: | Chapter 11 |
| X PLUS ONE SOLUTIONS, INC., | Case No. 19-10977 (●) |
| Debtor. | |
| Tax I.D. No. 13-4038106 | |
| In re: | Chapter 11 |
| X PLUS TWO SOLUTIONS, LLC, | Case No. 19-10978 (●) |
| Debtor. | |
| Tax I.D. No. 26-3794914 | |

## DEBTORS' MOTION FOR ENTRY OF AN ORDER DIRECTING JOINT ADMINISTRATION OF CHAPTER 11 CASES

Sizmek, Inc. and the other above-captioned debtors and debtors in possession (collectively, the "Debtors") respectfully state the following in support of this motion (the "Motion"):[1]

---

[1] A detailed description of the Debtors and their businesses, and the facts and circumstances supporting this Motion and the Debtors' chapter 11 cases, are set forth in greater detail in the *Declaration of Mark Grether of Sizmek Inc., (I) in Support of Chapter 11 Petitions and First Day Pleadings, and (II) Pursuant to Local Rule*

2

**Relief Requested**

1. The Debtors seek entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Order") directing procedural consolidation and joint administration of these chapter 11 cases. Specifically, the Debtors request that the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") maintain one file and one docket for all of the jointly administered cases under the case of Sizmek, Inc., and that the cases be administered under a consolidated caption, as follows:

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| SIZMEK, INC., *et al.*,[1] | ) | Case No. 19-10971 (●) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

2. The Debtors further request that the Bankruptcy Court order that the foregoing caption satisfies the requirements set forth in section 342(c)(1) of the Bankruptcy Code.

3. The Debtors also request that a docket entry, substantially similar to the following, be entered on the docket of each of the Debtors' cases other than the case of Sizmek Technologies, Inc.:

> An order has been entered in accordance with Rule 1015(b) of the Federal Rules of Bankruptcy Procedure directing the joint administration of the chapter 11 cases of: Sizmek Inc., Case

---

*1007-2* (the "First Day Declaration"), filed contemporaneously with the Debtors' voluntary petitions for relief filed under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"), on March 29, 2019 (the "Petition Date").

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Sizmek Inc. (4624); Point Roll, Inc. (3173); Sizmek DSP, Inc. (2319); Sizmek Technologies, Inc. (6402); Wireless Artist LLC (0302); WirelessDeveloper, Inc. (9686); X Plus One Solutions, Inc. (8106); and X Plus Two Solutions, LLC (4914). The location of the Debtors' service address for purposes of these chapter 11 cases is: 401 Park Avenue South, 5th Floor, New York, NY 10016.

No. 19-10971; Point Roll, Inc., Case No. 19-10972; Sizmek DSP, Inc., Case No. 19-10973; Sizmek Technologies, Inc., Case No. 19-10974; Wireless Artist LLC, Case No. 19-10975; WirelessDeveloper, Inc., Case No. 19-10976; X Plus One Solutions, Inc., Case No. 19-10977; and X Plus Two Solutions, LLC, Case No. 19-10978. **All further pleadings and other papers shall be filed in and all further docket entries shall be made in Case No. 19-10971 (●).**

4. The Debtors also seek authority to file their monthly operating reports required by the *Operating Guidelines and Reporting Requirements for Debtors in Possession and Trustees*, issued by the Office of the United States Trustee for the Southern District of New York (the "U.S. Trustee"), by consolidating the information required for each Debtor in one report that tracks and breaks out all of the specific information (*e.g.*, receipts, disbursements, etc.) on a debtor-by-debtor basis in each monthly operating report.

### Jurisdiction and Venue

5. The Bankruptcy Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the Southern District of New York*, dated February 1, 2012. The Debtors confirm their consent, pursuant to rule 7008 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), to the entry of a final order by the Bankruptcy Court in connection with this Motion to the extent that it is later determined that the Bankruptcy Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

6. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

7. The bases for the relief requested herein is section 105(a) of the Bankruptcy Code, Bankruptcy Rule 1015(b), and Rule 9013-1(a) of the Local Bankruptcy Rules for the Southern District of New York (the "Local Rules").

**Background**

8. Sizmek Inc., together with its Debtor and non-Debtor affiliates, is a leading online advertising campaign management and distribution platform for advertisers, media agencies, and publishers. The Debtors and their non-Debtor affiliates, who have approximately 1,114 employees worldwide, assist their clients with engaging a broad consumer audience in 21 countries across multiple online media channels by facilitating the implementation of targeted, data-driven advertising strategies which encompass all of the technology and intelligence necessary to execute effective global advertisement campaigns. The Debtors are headquartered in New York, New York, with operations and assets in the United States and abroad. As of the Petition Date, the Debtors have approximately $172 million of funded indebtedness.

9. On the Petition Date, each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtors are operating their business and manage their property as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. As of the date hereof, the U.S. Trustee has not appointed an official committee of unsecured creditors in these chapter 11 cases. Additional information regarding the Debtors' business, their capital structure, and the circumstances leading to these chapter 11 filings is contained in the First Day Declaration.

**Basis for Relief**

10. Bankruptcy Rule 1015(b) provides, in pertinent part, that "[i]f . . . two or more petitions are pending in the same court by or against . . . a debtor and an affiliate, the court may order a joint administration of the estates." Fed. R. Bankr. P. 1015. The Debtors consist of a group of "affiliates" as that term is defined in section 101(2) of the Bankruptcy Code. Accordingly, the Bankruptcy Code and Bankruptcy Rules authorize the Bankruptcy Court to grant the relief requested herein.

11. Section 105(a) of the Bankruptcy Code provides the Bankruptcy Court with the power to grant the relief requested herein by permitting the Bankruptcy Court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of the [Bankruptcy Code]." 11 U.S.C. § 105(a).

12. Joint administration is generally non-controversial, and courts in this jurisdiction routinely order joint administration in cases with multiple, related debtors. *See*, *e.g.*, *In re Windstream Holdings, Inc.*, Case No. 19-22312 (RDD) (Bankr. S.D.N.Y. Feb. 28, 2019); *In re FullBeauty Brands Holdings Corp.*, Case No. 19-22185 (RDD) (Bankr. S.D.N.Y. Feb. 7, 2019); *In re Aegean Marine Petroleum Network Inc.*, Case No. 18-13374 (MEW) (Bankr. S.D.N.Y. Nov. 6, 2018); *In re Cenveo, Inc.*, Case No. 18-22178 (RDD) (Bankr. S.D.N.Y. Feb. 5, 2018); *In re Global A&T Elecs. Ltd.*, Case No. 17-23931 (RDD) (Bankr. S.D.N.Y. Dec. 19, 2017).[2]

13. Given the integrated nature of the Debtors' operations, joint administration of these chapter 11 cases will provide significant administrative convenience without harming the substantive rights of any party in interest. Many of the motions, hearings, and orders in these chapter 11 cases will affect each and every Debtor entity. The entry of the Order directing joint administration of these chapter 11 cases will reduce fees and costs by avoiding duplicative filings and objections. Joint administration also will allow the U.S. Trustee and all parties-in-interest to monitor these chapter 11 cases with greater ease and efficiency.

14. Moreover, joint administration will not adversely affect the Debtors' respective constituencies because this Motion seeks only administrative, not substantive, consolidation of the Debtors' estates. Parties-in-interest will not be harmed by the relief requested; instead, parties-in-interest will benefit from the cost reductions associated with the joint administration of

---

[2] Because of the voluminous nature of the orders cited herein, such orders have not been attached to this Motion. Copies of these orders are available upon request to the Debtors' proposed counsel.

these chapter 11 cases. Accordingly, the Debtors submit that the joint administration of these chapter 11 cases is in the best interests of their estates, their creditors, and all other parties-in-interest.

## Motion Practice

15. This Motion includes citations to the applicable rules and statutory authorities upon which the relief requested herein is predicated and a discussion of their application to this Motion. Accordingly, the Debtors submit that this Motion satisfies Local Rule 9013-1(a).

## Notice

16. The Debtors will provide notice of this Motion to the following parties and/or their respective counsel, as applicable: (a) the Office of the United States Trustee for the Southern District of New York; (b) the holders of the 50 largest unsecured claims against the Debtors (on a consolidated basis); (c) the Prepetition Secured Parties (as defined in the First Day Declaration); (d) the United States Attorney's Office for the Southern District of New York; (e) the Internal Revenue Service; (f) the United States Securities and Exchange Commission; (g) the Environmental Protection Agency and all similar state environmental agencies; (h) the attorneys general in the states where the Debtors conduct their business operations; and (i) any party that has requested notice pursuant to Bankruptcy Rule 2002. The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

## No Prior Request

17. No prior request for the relief sought in this Motion has been made to this or any other court.

[*Remainder of page intentionally left blank.*]

WHEREFORE, the Debtors respectfully request that the Bankruptcy Court enter the Order granting the relief requested herein and such other relief as the Bankruptcy Court deems appropriate under the circumstances.

| | |
|---|---|
| Dated:  March 30, 2019<br>New York, New York | */s/ Stephen E. Hessler P.C.*<br>Stephen E. Hessler, P.C.<br>Marc Kieselstein, P.C.<br>**KIRKLAND & ELLIS LLP**<br>**KIRKLAND & ELLIS INTERNATIONAL LLP**<br>601 Lexington Avenue<br>New York, New York 10022<br>Telephone:   (212) 446-4800<br>Facsimile:    (212) 446-4900<br><br>- and -<br><br>James H.M. Sprayregen, P.C.<br>Justin R. Bernbrock (*pro hac vice* pending)<br>**KIRKLAND & ELLIS LLP**<br>**KIRKLAND & ELLIS INTERNATIONAL LLP**<br>300 North LaSalle Street<br>Chicago, Illinois 60654<br>Telephone:   (312) 862-2000<br>Facsimile:    (312) 862-2200<br><br>*Proposed Counsel to the Debtors and Debtors in Possession* |

**<u>Exhibit A</u>**

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| SIZMEK INC., | Case No. 19-10971 (●) |
| Debtor. | |
| Tax I.D. No. 37-1744624 | |
| In re: | Chapter 11 |
| POINT ROLL, INC., | Case No. 19-10972 (●) |
| Debtor. | |
| Tax I.D. No. 23-3043173 | |
| In re: | Chapter 11 |
| SIZMEK DSP, INC., | Case No. 19-10973 (●) |
| Debtor. | |
| Tax I.D. No. 30-0472319 | |
| In re: | Chapter 11 |
| SIZMEK TECHNOLOGIES, INC., | Case No. 19-10974 (●) |
| Debtor. | |
| Tax I.D. No. 52-2266402 | |
| In re: | Chapter 11 |
| WIRELESS ARTIST LLC, | Case No. 19-10975 (●) |
| Debtor. | |
| Tax I.D. No. 30-0720302 | |

|  | ) |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| WIRELESSDEVELOPER, INC., | ) | Case No. 19-10976 (●) |
|  | ) |  |
| Debtor. | ) |  |
|  | ) |  |
| Tax I.D. No. 36-4439686 | ) |  |
|  | ) |  |
| In re: | ) | Chapter 11 |
|  | ) |  |
| X PLUS ONE SOLUTIONS, INC., | ) | Case No. 19-10977 (●) |
|  | ) |  |
| Debtor. | ) |  |
|  | ) |  |
| Tax I.D. No. 13-4038106 | ) |  |
|  | ) |  |
| In re: | ) | Chapter 11 |
|  | ) |  |
| X PLUS TWO SOLUTIONS, LLC, | ) | Case No. 19-10978 (●) |
|  | ) |  |
| Debtor. | ) |  |
|  | ) |  |
| Tax I.D. No. 26-3794914 | ) |  |

**ORDER DIRECTING JOINT ADMINISTRATION OF CHAPTER 11 CASES**

Upon the motion (the "Motion")[1] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order (this "Order"), directing the joint administration of the Debtors' chapter 11 cases for procedural purposes only, all as more fully set forth in the Motion; and upon the First Day Declaration; and the Bankruptcy Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the Southern District of New York*, dated February 1, 2012; and that the Bankruptcy Court may enter a final order consistent with Article III of the United States Constitution; and the Bankruptcy Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and

---

[1] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

2

1409; and the Bankruptcy Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b); and the Bankruptcy Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties-in-interest; and the Bankruptcy Court having found that the Debtors provided appropriate notice of the Motion and the opportunity for a hearing under the circumstances; and the Bankruptcy Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before the Bankruptcy Court (the "Hearing"); and the Bankruptcy Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before the Bankruptcy Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Motion is granted as set forth herein.

2. The above-captioned chapter 11 cases are consolidated for procedural purposes only and shall be jointly administered by the Bankruptcy Court under Case No. 19-10971 (●).

3. The caption of the jointly administered cases should read as follows:

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| SIZMEK, INC., *et al.*,[1] | ) | Case No. 19-10971 (●) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Sizmek Inc. (4624); Point Roll, Inc. (3173); Sizmek DSP, Inc. (2319); Sizmek Technologies, Inc. (6402); Wireless Artist LLC (0302); WirelessDeveloper, Inc. (9686); X Plus One Solutions, Inc. (8106); and X Plus Two Solutions, LLC (4914). The location of the Debtors' service address for purposes of these chapter 11 cases is: 401 Park Avenue South, 5th Floor, New York, NY 10016.

3

4. The foregoing caption satisfies the requirements set forth in section 342(c)(1) of the Bankruptcy Code.

5. A docket entry, substantially similar to the following, shall be entered on the docket of each of the debtors other than Sizmek Technologies, Inc. to reflect the joint administration of these chapter 11 cases:

> An order has been entered in accordance with Rule 1015(b) of the Federal Rules of Bankruptcy Procedure directing the joint administration of the chapter 11 cases of: Sizmek Inc., Case No. 19-10971; Point Roll, Inc., Case No. 19-10972; Sizmek DSP, Inc., Case No. 19-10973; Sizmek Technologies, Inc., Case No. 19-10974; Wireless Artist LLC, Case No. 19-10975; WirelessDeveloper, Inc., Case No. 19-10976; X Plus One Solutions, Inc., Case No. 19-10977; and X Plus Two Solutions, LLC, Case No. 19-10978. **All further pleadings and other papers shall be filed in and all further docket entries shall be made in Case No. 19-10971 (●).**

6. One consolidated docket, one file, and one consolidated service list shall be maintained by the Debtors and kept by the clerk of the Bankruptcy Court with the assistance of the notice and claims agent retained by the Debtors in these chapter 11 cases.

7. The Debtors may file their monthly operating reports required by the *Operating Guidelines and Reporting Requirements for Debtors in Possession and Trustees*, issued by the U.S. Trustee, by consolidating the information required for each debtor in one report that tracks and breaks out all of the specific information (*e.g.*, receipts, disbursements, etc.) on a debtor-by-debtor basis in each monthly operating report.

8. Nothing contained in the Motion or this Order shall be deemed or construed as directing or otherwise effecting a substantive consolidation of these chapter 11 cases and this Order shall be without prejudice to the rights of the Debtors to seek entry of an order substantively consolidating their respective cases.

9. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

10. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such motion and the requirements of the local rules of the Bankruptcy Court are satisfied by such notice.

11. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

12. The Bankruptcy Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

New York, New York  
Dated: _____, 2019

THE HONORABLE [●]  
UNITED STATES BANKRUPTCY JUDGE